IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AUSTIN WAYNE BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23CV320 |
| ) | |
| NC DEPARTMENT OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

**RELEVANT STANDARDS**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . .  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff "fails to state a claim on which relief may be granted" id., when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

## BACKGROUND

Asserting claims under Section 1983 via the Fifth, Ninth, and Fourteenth Amendments of the United States Constitution, as well as the Americans with Disabilities Act of 1990 ("ADA") (see Docket Entry 2 at 3),[2] Plaintiff initiated this action against the North Carolina Department of Health and Human Services ("Defendant") (see id. at 2). According to Plaintiff's Complaint:

"[Defendant] denied [Plaintiff] benefits on multiple occasions due to a drug charge in Georgia." (Id. at 4.)[3] Specifically,

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then Iqbal, 556 U.S. at 679)).

[2] Docket Entry page citations utilize the CM/ECF footer's pagination.

[3] For legibility reasons, this Memorandum Opinion uses standardized capitalization in all quotations from Plaintiff's materials.

3

> [Plaintiff] applied for food stamps in March of 2019 while at the TROSA Residential Substance Abuse Program in Durham[, North Carolina,] and was denied [benefits]. . . . [Plaintiff] applied for the Supplemental Nutritition [sic] Assistance Program to try to receive benefits and was told [he] was not eligible due to an out of state drug charge. [Defendant] informed [Plaintiff] that a Class G or higher drug related conviction is grounds for denial. . . . Denial due to any possession or possession with intent to sell/deliver drug charge is a violation of constitutional rights and discrimination against individuals with disabilities. Substance possession is the direct result of a disability listed in the ADA of 1990.

(Id.) Additionally, the Complaint asserts:

> [The] ADA of 1990 lists a substance abuse addiction as a disability. Not providing food and nutrition benefits to someone who has a drug charge is discrimination. A drug charge is a direct and unfortunate result of a person with a disability. Using their disability against them is a violation of constitutional rights.

(Id. at 5.)

The Complaint requests relief in the form of $100,000 in damages and an injunction providing for "any North Carolina law['s] revis[ion] to allow people convicted of any class felony drug charge to receive food and nutrition benefits." (Id.)

## DISCUSSION

### I. Section 1983 Claims

To state a claim for relief under Section 1983, Plaintiff must allege factual matter showing "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50

4

(1999); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights."). To the extent the Complaint seeks relief under Section 1983 for violations of the ADA (rather than the United States Constitution), such claim merges with the private cause of action under the ADA. Accordingly, this Memorandum Opinion first analyzes any constitutional claim under Section 1983 and then addresses relief under the ADA.

### A. Damages Under Section 1983

Because "Congress did not exercise its power to abrogate a state's Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983," Coffin v. South Carolina Dep't of Soc. Servs., 562 F. Supp. 579, 585 (D.S.C. 1983), "a State is not a person within the meaning of § 1983," Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). Accordingly, as a state agency, Defendant does not constitute a person under Section 1983. See Will, 491 U.S. at 71. For that reason, Plaintiff fails to state a proper claim for damages against Defendant under Section 1983.

Nor could Plaintiff remedy this deficiency by naming the official in charge of Defendant in his or her official capacity,[4] because "a suit against a state official in his or her official

---

[4] The Complaint alleges no facts that could support an individual capacity suit against any official.

5

capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. (internal citation omitted). "[I]t follows that state officials acting in their official capacities cannot be sued for damages under [Section 1983]." Allen v. Cooper, No. 1:19cv794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).

The Court thus should dismiss Plaintiff's Section 1983 claim(s) for damages for failure to state a claim under Section 1915(e)(2)(B)(ii).

### B. Injunctive Relief Under Section 1983

Unlike claims for damages, "the Eleventh Amendment permits suits for prospective injunctive relief against [state agencies through] state officials acting in violation of federal law." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). "Plaintiff does request [a] certain form[] of injunctive relief in his Complaint. However, as discussed in further detail below, [the requested relief is] not even [a] potentially viable request[]." Carroll v. Dosier, No, 1:12cv1176, 2012 WL 7963126, at *1 (M.D.N.C. Nov. 13, 2012).

Plaintiff's requested injunctive relief reaches far too broadly. To the extent the Complaint requests anything beyond injunctive relief specific to Plaintiff's claims, "it is subject to denial for exceeding the scope of Plaintiff's Complaint." Santiago

6

v. Southern Health Partners, No 1:15cv589, 2015 WL 8179617, at *1 (M.D.N.C. Dec 7, 2015). "Injunctive relief . . . must be tailored to remedy the specific harm alleged." Stormans, Inc. V. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009). In this case, Plaintiff asks the Court to enjoin enforcement of "North Carolina law . . . to allow people convicted of any class felony drug charge to receive food and nutrition benefits." (Docket Entry 2 at 5.) Defendant denied Plaintiff "benefits on multiple occasions due to a drug charge [in Georgia]" (id. at 4). Accordingly, the requested relief goes "beyond the scope of the [C]omplaint," Church of Holy Light of Queen v. Holder, 443 F. App'x 302, 303 (9th Cir. 2011), because it requests relief that applies beyond Plaintiff's individual situation.

Under the circumstances, the Court should dismiss Plaintiff's Section 1983 claim(s) against Defendant for "fail[ure] to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). See PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 128 (4th Cir. 2011) ("[The Fourth Circuit] will vacate an injunction if it . . . does not carefully address only the circumstances of the case." (internal quotation marks omitted) (emphasis added)).[5]

---

[5] To the extent the Court construed the Complaint to request only injunctive relief for Plaintiff, the Complaint still fails to show entitlement to relief because of the fatal deficiency noted in Footnote Seven.

7

**II. ADA Claims**

The Complaint also alleges that Plaintiff applied for "food stamps" and benefits from the "Supplemental Nutrition Assistance Program," but "[Defendant] denied [Plaintiff] benefits on multiple occasions due to a drug charge [he incurred] in Georgia," and this denial violated his rights under the ADA. (Docket Entry 2 at 4.) The Complaint characterizes "[s]ubstance possession [a]s the direct result of [substance abuse addiction, which is a] disability listed in the ADA." (Id.)

**A. Damages Under The ADA**

An ADA claim for damages raises complex issues regarding Eleventh Amendment immunity. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language generally bars suits against a state in federal court without the state's consent. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This immunity "applies not only to the state itself but extends also to state agents and state instrumentalities . . . or stated otherwise to arms of the State." Zemedageghu v. Arthur, No. 1:15cv57, 2015 WL 1930539, at *7 (E.D. Va. Apr. 28, 2015) (internal quotation marks and brackets omitted). In some instances, however, state agencies

8

remain "subject to suit if . . . Congress, acting under powers granted to it in [S]ection [F]ive of the Fourteenth Amendment, has clearly abrogated [their] immunity."  Id.; see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 59 (1996) (holding that "[Section] 5 of the Fourteenth Amendment allow[s] Congress to abrogate [Eleventh Amendment] immunity").  To make this determination, the Court "must resolve two predicate questions: first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority."  Tennessee v. Lane, 541 U.S. 509, 517 (2004).

"The first question is well-settled."  Zemedageghu, 2015 WL 1930539, at *8.  Title II of the ADA provides that "[a] State shall not be immune under the [E]leventh [A]mendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter."  42 U.S.C. § 12202. Accordingly, "Congress unequivocally expressed its intent under Title II to abrogate a state's Eleventh Amendment sovereign immunity."  Zemedageghu, 2015 WL 1930539, at *8.

The remaining question concerns "whether Congress enacted Title II pursuant to a valid grant of constitutional authority, i.e. the enforcement power in Section 5 of the Fourteenth Amendment."  Id.  The Supreme Court confirmed that Section 5 of the Fourteenth Amendment "authorizes Congress to create a cause of

9

action through which the citizen may vindicate his Fourteenth Amendment rights." United States v. Georgia, 546 U.S. 151, 158 (2006). "Insofar as Title II creates a private cause of action for damages against the States for conduct that <u>actually violates</u> the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." Id. at 159 (emphasis added). A determination of whether Congress validly abrogated state sovereign immunity thus requires a claim-by-claim analysis of: "(1) which aspects of [Defendant's] alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." Id.

Accordingly, "[t]he first step of the *Georgia* inquiry requires the [Court] to assess whether Defendant['s] alleged conduct forms the basis for a Title II claim.'" Holly Hill Nursing LLC v. Padilla, No. 8:17cv3554, 2018 WL 5013826, at *8 (D. MD. Oct. 16, 2018) (internal quotation marks omitted). Title II of "[t]he ADA[] mandates that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" Davis v. Doe, No. 1:14cv373, 2014 WL 1835853, at *3

10

(M.D.N.C. May 8, 2014) (brackets omitted) (citing 42 U.S.C. § 12132). "In order to establish a violation of Title II [of the ADA], [Plaintiff] must allege that," id., "(1) he has a disability, (2) he is otherwise qualified to participate in the [public benefit], and (3) he was excluded from the [public benefit] on the basis of his disability," Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461 (4th Cir. 2012) (footnote omitted).

As to the first of these elements, "[u]nquestionably, drug addiction constitutes an impairment under the ADA." A Helping Hand, LLC v. Baltimore Cnty., 515 F.3d 356, 367 (4th Cir. 2008); see also Regional Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46 (2d Cir. 2002) (holding that "physical or mental impairment includes drug addiction and alcoholism" (internal quotation marks omitted)). The Complaint does not allege that Plaintiff ever received a diagnosis of substance abuse addiction (see Docket Entry 2 at 1-6); however, the Complaint does allege that he attended "TROSA Residential Substance Abuse Program" in 2019 (id. at 4). Thus, Plaintiff's allegations suffice to demonstrate that, at the time of the benefits denial, he suffered from "substance abuse addiction" under Title II of the ADA. See Start, Inc. v. Baltimore Cnty., 295 F. Supp. 2d 569, 577 (D. Md. 2003) (noting that "prospective patients [of a drug treatment facility] satisfied . . . definition of disability under the ADA").

11

Next, Plaintiff must demonstrate "he is otherwise qualified to participate in the [public benefit]." Halpern, 669 F.3d at 461. Plaintiff qualifies to participate in the public benefit if he, "without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services . . . provided by a public entity." 42 U.S.C. § 12131(2) (emphasis added). The federal statute establishing eligibility requirements for food stamp benefits states:

> An individual convicted (under Federal or State law) of any offense which is classified as a felony by the law of the jurisdiction involved and which has as an element the possession, use, or distribution of a controlled substance shall not be eligible for . . . benefits under the supplemental nutrition assistance program or any State program carried out under th[e Food and Nutrition Act of 2008, codified at 7 U.S.C. § 2012].

21 U.S.C. § 862a(a) (parentheses omitted) (emphasis added). The corresponding North Carolina regulation similarly provides that "Controlled Substance Felons [] are permanently disqualified from receiving F[ood and ]N[utrition ]S[ervices] benefits." North Carolina Department of Health and Human Services Food and Nutrition Services Manual, FNS 270 Eligibility Requirements: Controlled Substance Felons, Section 270.01(A): Requirement for Controlled Substance Felons, https://policies.ncdhhs.gov/divisional/social-services/food-and-nutrition-services/policy-manuals/fns-270-controlled-substance-felons.pdf (last visited

12

Feb. 12, 2024).[6] Acting pursuant to that rule, Defendant informed Plaintiff that "[he] was not eligible [for food stamp benefits] due to an out of state drug charge. (Docket Entry 2 at 4.) Thus, Plaintiff does not meet the requirements to receive food stamps or Supplemental Nutrition Assistance Program benefits under Section 862a(a).

Even if Plaintiff met the requirements to receive benefits, he would not establish a valid ADA claim against Defendant because he cannot show that "he was excluded from the [public benefit] on the basis of his disability." Halpern, 669 F.3d at 461. "Plaintiff's disability must constitute a 'motivating cause' of the exclusion from the public benefit." Brooks v. Diaz, No. 1:14cv794, 2014 WL 5390575, at *3 (M.D.N.C. Oct. 22, 2014) (citing Halpern, 669 F.3d at 462). The Complaint contains no factual matter to support an

---

[6] Section 862a carves out an exception where "[a] state may . . . exempt any or all individuals domiciled in the State from the application of [Section 862a(a)]." 21 U.S.C. § 862a(d)(1)(A). Accordingly, North Carolina crafted such an exception under which, "[a]n individual convicted of a Class H or I felony that involved possession, use, or distribution of a controlled substance committed on or after August 23, 1996, in North Carolina may reestablish eligibility for F[ood and ]N[utrition ]S[ervices] benefits if they meet [additional conditions]." North Carolina Department of Health and Human Services Food and Nutrition Services Manual, FNS 270 Eligibility Requirements: Controlled Substance Felons, Section 270.02(A): Exceptions to Permanent Disqualification, https://policies.ncdhhs.gov/divisional/social-services/food-and-nutrition-services/policy-manuals/fns-270-controlled-substance-felons.pdf (last visited Feb. 12, 2024). Plaintiff fails to meet the criteria for this North Carolina exception as his felony drug conviction occurred in Georgia not North Carolina. (See Docket Entry 2 at 4 ("[Plaintiff] was charged with a simple possession drug charge in the State of Georgia . . . .").)

13

inference that his disability, substance abuse addiction, acted as a motivating cause for his denial of benefits. (See Docket Entry 2 at 1-6.) In fact, "[Defendant] informed [Plaintiff] that a . . . drug related conviction is grounds for denial" and that "[he] was not eligible <u>due to an out of state drug charge</u>." (Id. at 4 (emphasis added).)

Under these circumstances, the Complaint does not allege a valid Title II ADA claim against Defendant and therefore does not satisfy the first prong of the <u>Georgia</u> inquiry. As a result, Plaintiff has not established a valid abrogation of sovereign immunity, and the Court should dismiss Plaintiff's ADA claim for damages for failure to state a viable claim under Section 1915(e)(2)(B)(ii). See <u>Mary Jo C. v. New York State & Loc. Ret. Sys.</u>, 707 F.3d 144, 152 (2d Cir. 2013) (noting at the first step of the <u>Georgia</u> inquiry that, "if a plaintiff cannot state a Title II claim, th[is] [C]ourt's sovereign immunity inquiry is at an end").[7]

---

[7] If Plaintiff alleged a valid ADA claim, the Court would move onto the second prong of the <u>Georgia</u> inquiry and evaluate "to what extent [Defendant's] misconduct also violated the Fourteenth Amendment." <u>Georgia</u>, 546 U.S. at 159. "Because [Plaintiff's claim] does not implicate any fundamental rights or involve any suspect classifications," <u>Turner v. Glickman</u>, 207 F.3d 419, 424 (7th Cir. 2000)(internal citations omitted), the question before the Court would become whether "there is any reasonably conceivable state of facts that could provide a rational basis for the classification," <u>Federal Commc'ns Comm'n v. Beach Commc'ns, Inc.</u>, 508 U.S. 307, 313 (1993). In this case, Defendant's denial of Plaintiff's benefits claim due to a previous out-of-state drug-related felony conviction could have three rational bases "(1) deterring drug use; (2) reducing fraud in the food stamp
(continued...)

Case 1:23-cv-00320-LCB-LPA   Document 15   Filed 02/14/24   Page 14 of 16

### B. Injunctive Relief Under The ADA

Finally, Plaintiff requests injunctive relief under the ADA and asks that "any North Carolina law [be] revised to allow people convicted of any class felony drug charge to receive food and nutrition benefits." (Docket Entry 2 at 5.) However, as previously mentioned, the Complaint does not state a plausible Title II ADA claim. Moreover, the governing North Carolina regulation on this issue, see FNS 270.01(A), simply implements a federal statute, see 21 U.S.C. § 862a(a). Defendant lacks authority to alter federal law and thus Plaintiff's request for injunctive relief fails as a matter of law for that reason as well. See Carroll, 2012 WL 7963126, at *1.

### CONCLUSION

This action "fails to state a claim on which relief may be granted," 28 U.S.C. § 1913(e)(2)(B)(ii).

---

[7](...continued)
program; and (3) curbing welfare spending." Turner, 207 F.3d at 424. "[T]here is a rational connection between the disqualification of drug felons from eligibility for food stamps and . . . the government's desire to deter drug use." Id. at 425. "This is all that is required to sustain a classification in the face of an equal protection challenge when the challenged classification is subject to rational basis review." Id. As a result, Plaintiff also would fall short on the second step of the Georgia inquiry, thereby requiring a finding that no abrogation of sovereign immunity occurred as to his damages claim under the ADA.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

February 14, 2024